IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JORDAN THOM**                                                                             **PLAINTIFF**

**VS.**                                        **CIVIL ACTION NO.: 1:25-CV-13-TBM-RPM**

**WEST PHYSICS CONSULTING, LLC**                                  **DEFENDANT**

**DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE IN OPPOSITION TO MOTION TO TRANSFER VENUE**

**NOW COMES** West Physics Consulting, LLC ("West Physics") and files this Reply to Plaintiff's Response in Opposition to Motion to Transfer Venue stating as follows:

On March 5, 2025, West Physics filed its Motion to Transfer Venue ("Motion to Transfer") and its Memorandum in Support of Motoin to Transfer Venue ("Memorandum in Support"). (Documents 8, 8-1, and 9.) Therein, West Physics demonstrated that Plaintiff, Jordan Thom ("Ms. Thom"), was bound by a forum selection clause in her Employment Agreement that required her to bring any legal proceedings solely in the United States federal court or Superior Court located in the state of Georgia. (Documents 9, pp. 2-4; Document 8-1, p. 9, ¶ 16.)[1] In addition, West Physics also demonstrated that, pursuant to 28 U.S.C. § 1404(a), the United States District Court for the Northern District of Georgia, Atlanta Division, was the most convenient forum. (Documents 9, pp. 4-9; Document 8-1, p. 1-2, ¶¶ 1-7.)

On March 18, 2025, Ms. Thom filed her Response in Opposition to Defendant's Motion to Transfer Venue ("Response in Opposition") and her Memorandum in Opposition to Defendant's Motion to Transfer Venue ("Memorandum in Opposition"). (Documents 10, 11, and 11-1.) Therein, Ms. Thom makes a number of arguments/assertions that are flatly incorrect

---

[1] Citations herein are to the ECF assigned document and page numbers.

1

and unsupported by any competent evidence and none of which demonstrate that the Motion to Transfer should be denied.  These are discussed in turn below.

**1. Ms. Thom cites to a United States Supreme Court decision that forecloses the arguments made in her Memorandum in Opposition;**

In her Memorandum in Opposition, Ms. Thom cites *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the Western District of Texas*, 571 U.S. 49 (2013) ("*Atlantic Marine*"), for the proposition that "[a] forum selection clause, while a factor in the analysis, is not dispositive, particularly when it would contradict federal law or public policy;" she asserts the burden is on West Physics to demonstrate the United States District Court for the Northern District of Georgia, Atlanta Division, is more convenient; she claims there is a strong presumption in favor of her choice of forum; and she spends the majority of her Memorandum in Opposition making conclusory allegations as to the private interest factors and arguing they support this Court denying the Motion to Transfer.[2]  Ms. Thom's hyperbolic assertions aside (that West Physics relies on a "misleading characterization of the facts and a complete disregard for binding precedent," that  the Motion to Transfer is "meritless," and that the Motion to Transfer "is a transparent attempt to manipulate procedural rules and burden Plaintiff"),[3] she is incorrect on all counts.

In *Atlantic Marine*, the Supreme Court overturned the United States Court of Appeals for the Fifth Circuit's decision in *In re Atlantic Marine Const. Co., Inc.*, 701 F.3d 736 (5th Cir. 2012) ("*In re Atlantic*"), and stated that "[w]hen the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause" absent "extraordinary circumstances unrelated to the convenience of the parties."  571 U.S. at 62.  Further, the Supreme Court stated that with regard to motions to transfer under §1404(a):

---

[2] Document 11, pp. 2-3, 6, 9-10.
[3] Document 11, pp. 3-4.

> The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which "represents the parties' agreement as to the most proper forum"…The presence of a valid forum-selection clause requires district courts to adjust their usual §1404(a) analysis in three ways.
>
> First, the plaintiff's choice of forum merits no weight.  Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted…when a plaintiff agrees by contract to bring suit only in a specific forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its "venue privilege" before a dispute arises.  Only that initial choice deserves deference.
>
> ***
>
> Second, a court evaluating a defendant's §1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests.  When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation.  A court accordingly must deem the private-interest factors to weigh entirely in the favor of the preselected forum…As a consequence, a district court may consider arguments about public-interest factors only.  Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in the most unusual cases.

571 U.S. at 62-64 (internal citations omitted).  Thus, *Atlantic Marine* makes clear, contrary to Ms. Thom's assertions, that the presence of a forum selection clause automatically renders transfer appropriate absent unusual circumstances; that it is Ms. Thom who bears the burden of demonstrating that the forum selection clause should not be enforced and the case not transferred; that her choice of the current forum is granted no weight as her agreement to the forum selection clause evinces her choice of the venue to which West Physics seeks transfer; and that her arguments as to the private interest factors are entirely irrelevant due to the forum selection clause.

3

Moreover, Ms. Thom has not argued that the forum selection clause is invalid, nor has she identified any public interest factor sufficient to defeat transfer which, as the Supreme Court noted, rarely defeat transfer anyway.[4]

**2. Ms. Thom cites *In re Atlantic*, which the Supreme Court's *Atlantic Marine* decision overturned, claiming it supports her opposition to transfer.**

Ms. Thom cites to *In re Atlantic* to claim that "[c]ourts have consistently held that [Title VII's venue provision] overrides conflicting forum selection clauses," that the "Fifth Circuit has consistently held that statutory venue provisions in employment discrimination cases take precedence over conflicting contractual clauses when public policy is at stake," and that the specific holding of the case was that "statutory venue provisions in federal anti-discrimination statutes override conflicting private agreements," and she asserts that *In re Atlantic* was reversed on other grounds.[5] These assertions are wholly inaccurate.

First, *In re Atlantic* and *Atlantic Marine* did not involve a Title VII claim at all. At issue was a forum selection clause in a dispute over a contractor's alleged failure to pay a subcontractor for work performed on construction of a child-development center at an Army base in Texas. *In re Atlantic*, 701 F.3d at 737-38; *Atlantic Marine*, 571 U.S. at 52-53. Thus, there is no argument to be made that either decision addressed, much less refused to enforce, a forum selection clause in the context of an employment discrimination claim, and Ms. Thom has not cited to a single case that actually supports such an assertion.

Second, a plain reading of the Supreme Court's decision in *Atlantic Marine* leaves no doubt that the Fifth Circuit's decision in *In re Atlantic*, which had not enforced a forum selection

---

[4] Notably, beyond a general statement that the "balance of private and public interest factors all overwhelmingly support keeping this case in the Southern District of Mississippi," Ms. Thom does not address the public interest factors. Document 11, pp. 3 and 20.
[5] Document 11, pp. 2, 5 and 17.

4

clause between the parties when deciding a motion to transfer, was explicitly reversed by the Supreme Court in *Atlantic Marine*, not just making it non-binding authority, but no authority at all.

3. **Ms. Thom cites to only one district court case to claim that courts have consistently held that statutory venue provisions take precedence over private agreements, when that case does not address forum selection clauses at all and actually held the opposite.**

Ms. Thom cites to *EEOC v. Parish Water Work's Co., Inc.*, 415 F.Supp. 124 (E.D. La. 1976)[6] to again claim that "[c]ourts have consistently held that statutory venue provisions take precedence over private agreements, particularly in employment discrimination cases, where access to justice is a central policy concern," and she asserts that the holding of the court in that decision was "that forum selection clauses and venue transfer arguments should not be used to prevent employees from accessing courts in a convenient forum."[7]  This case, however, did not involve a forum selection clause or other private agreement as to forum.  *Parish Water*, 415 F.Supp. at 124-26.  Rather, the case solely involved the court's determination as to whether transfer under §1404(a) for convenience was appropriate.  And, notably, contrary to Ms. Thom's assertion, the court held that transfer of a Title VII claim was appropriate noting that Title VII's venue provision specifically references §1404 and stating that "[i]n light of this, it cannot be said that Congress intended to place the venue provisions of Title VII outside the purview of the transfer clauses of 28 U.S.C. ss 1404 and 1406." *Id.* at 126.

---

[6] Ms. Thom's citation to this case is 415 F.Supp. 3d 592, (E.D. La. 2019), but there does not appear to be such a case.  Searching by the name of the case as cited in Ms. Thom's Memorandum in Opposition, brings up only one case - *EEOC v. Parish Water Work's Co., Inc.*, 415 F.Supp. 124 (E.D. La. 1976), which is discussed herein.

[7] Document 11, p. 16.

5

4. **Ms. Thom cites another United States Supreme Court case claiming it specifically addressed Title VII when the decision did not even involve Title VII.**

Ms. Thom also cites to *Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496 (1982) to claim that the "U.S. Supreme Court has recognized that Title VII is a remedial statute intended to provide broad protections for employees and to ensure meaningful access to courts where discrimination occurs" and that the opinion stated "Title VII should be interpreted to ensure access to courts for victims of discrimination."[8] This case, however, involved the Civil Rights Act of 1871, the precursor to 42 U.S.C. § 1983, not Title VII, it made no mention of transfer or forum selection clauses as the case involved a question of exhaustion of administrative remedies, and the sole mention of Title VII in the decision is in a footnote that reads: "Thus, if petitioner had brought this suit under Title VII of the Civil Rights Act of 1964, there would have been no jurisdictional problem. But petitioner did not do so." 457 U.S. at 496, 502, 529 and n. 15. Therefore, *Patsy* offers no support for Ms. Thom's argument.

5. **Ms. Thom argues that enforcing the forum selection clause would require her to litigate her Title VII claims in a different court from her state law claims, but she did not allege any state law claims in her Complaint.**

Inexplicably, Ms. Thom also asserts that "Defendant may argue that the forum selection clause should apply to any state law claims asserted alongside Plaintiff's Title VII claim," that "allowing Defendant to enforce the forum selection clause for the state law claims while Title VII requires venue in Mississippi would create the unnecessary possibility of two separate lawsuits in different courts over the same facts," that "applying the forum selection clause to Plaintiff's state law claims while keeping the Title VII claim in Mississippi would contradict the fundamental purpose of federal anti-discrimination laws," and that forcing "Plaintiff's state law claims into a different venue would frustrate this purpose, as it would create additional

---

[8] Document 11, p. 18.

procedural hurdles that could deter employees from fully pursuing their rights."[9]  This argument against transfer is confounding and fails for the very simple reason that Ms. Thom has not alleged any state law claims in her Complaint.[10]

### 6. Ms. Thom failed to provide a declaration or other sworn statement in support of her assertions, and she relies entirely on conclusory allegations.

Despite Ms. Boerstler's detailed declaration and identification of witnesses and their respective locations, Ms. Thom accuses West Physics of merely relying on generic allegations, speculative inconvenience and vague assertions that lack evidentiary support, but it is Ms. Thom who utterly failed to provide any competent evidence in opposition to transfer.  None of her assertions are supported by a declaration or other sworn statement and, while she claims this matter should not be transferred because of the location of non-party/non-West Physics employee witnesses, she does not identify any such witnesses by name nor does she identify their location, and it should go without saying that non-party/non-West Physics employee witnesses would have no personal knowledge of the terms and conditions of her employment or her termination.  Moreover, Ms. Thom's unsworn assertions are incorrect.  During Ms. Thom's employment, she was the only employee of West Physics located in Mississippi; thus, her claim that necessary witnesses, employees of West Physics and non-employees alike, are located in Mississippi is not accurate.[11]  And this is true for Ms. Thom herself, as she admits in her Complaint that she resides in Mobile, Alabama.[12]

For all of these reasons, and those set forth in West Physics' Memorandum in Support, Ms. Thom has not come forward with any facts or legal arguments and authorities suggesting

---

[9] Document 11, pp. 17-19.

[10] Document 1.

[11] Exhibit 2, Second Declaration of Sandy Boerstler, ¶¶ 1-4.

[12] Document 1.

that the forum selection clause in Ms. Thom's Employment Agreement does not mandate transfer, or that the private and public interest factors do not support transfer, to the United States District Court for the Northern District of Georgia, Atlanta Division.

**WHEREFORE, PREMISES CONSIDERED,** West Physics respectfully requests that the Court grant its Motion to Transfer and transfer this matter to the United States District Court for the Northern District of Georgia, Alanta Division.

Respectfully submitted, this the 20th day of March, 2025.

**WEST PHYSICS CONSULTING, LLC**

By:  */s/ Martin J. Regimbal*
**MARTIN J. REGIMBAL (MS Bar No. 102507)**
**THE KULLMAN FIRM**
**A PROFESSIONAL LAW CORPORATION**
410 Main Street
Columbus, MS 39701
Post Office Box 827
Columbus, MS   39703-0827
Tel.:  (662) 244-8825
Fax:  (662) 244-8837
mjr@kullmanlaw.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that I have electronically filed the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONES IN OPPOSITION TO MOTION TO TRANSFER VENUE** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> Louis H. Watson, Jr.
> Nick Norris
> Jane Watson
> WATSON & NORRIS, PLLC
> 4209 Lakeland Drive #365
> Flowood, Mississippi 39232-9212
> Tel.:  (601) 968-0000
> Fax:  (601) 968-0010
> Email:  louis@watsonnorris.com
>           nick@watsonnorris.com
>           jane@watsonnorris.com
>
> *Attorneys for Plaintiff*

**THIS**, the 20th day of March, 2025.

>                                          */s/ Martin J. Regimbal*
>                                          **MARTIN J. REGIMBAL**

9

4922-3587-2300, v. 4